1  David S. Kupetz (CA Bar No. 125062)
   *dkupetz@sulmeyerlaw.com*
2  Asa S. Hami (CA Bar No. 210728)
   *ahami@sulmeyerlaw.com*
3  Claire K. Wu (CA Bar No. 295966)
   *ckwu@sulmeyerlaw.com*
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Grand Ave., Suite 3400
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520

Attorneys for Debtor and Debtor in Possession
One Way Loans, LLC, d/b/a PowerLend



**FILED & ENTERED**

**DEC 27 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY may    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ONE WAY LOANS, LLC, a California limited liability company, d/b/a POWERLEND,<br><br>          Debtor. | Case No. 2:18-bk-24572-SK<br><br>Chapter 11<br><br>**INTERIM ORDER ON EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL, AND SETTING CONTINUED INTERIM HEARING**<br><br>[Relates to Dkt. No. 5]<br><br>**<u>Interim Hearing</u>**<br>Date:    December 21, 2018<br>Time:    8:30 a.m.<br>Place:    Courtroom 1575<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br><br>**<u>Final Hearing</u>**<br>Date:    January 16, 2019<br>Time:    9:00 a.m.<br>Place:    Courtroom 1575<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

The "Emergency Motion of Debtor And Debtor in Possession For Interim And Final Orders Authorizing Use of Cash Collateral" [Dkt. No. 5] (the "Motion"), filed by One Way Loans, LLC, d/b/a PowerLend, the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to 11 U.S.C. §§ 363(a), 363(c)(2), and 552(b)(1), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 2081-1(a)(9) and 9075-1(a), came on for hearing on an emergency basis on December 21, 2018, at 8:30 a.m., before the Honorable Sandra R. Klein, United States Bankruptcy Judge, in Courtroom 1575 of the above-entitled Court. Appearances were as noted on the record of the hearing.

This Court having considered the Motion, the alternate Cash Collateral Budgets (as that term is defined in the Motion) attached to the Appendix of Exhibits filed in support of the Motion [Dkt. No. 6] (the "Appendix of Exhibits") as Exhibit "1" and Exhibit "2", respectively, the "Omnibus Declaration of David Redlener in Support of First Day Motions," the "Declaration of Donald A. Stukes in Support of Debtor's First Day Motions," all other papers filed in support of the Motion, the "Preliminary Objection to Emergency Motion of Debtor And Debtor in Possession For Interim And Final Orders Authorizing Use of Cash Collateral" [Dkt. No. 18], filed by JGB Collateral, LLC, as agent for JGB (Cayman) Glenmachrie Ltd., and JGB (Cayman) Glenmachrie Ltd. (collectively, "JGB," and together with the Debtor, the "Parties"), all other papers filed in connection with the Motion, the record in this case, and all arguments, statements, and representations of counsel on the record at the hearing; no other party having filed any opposition or other response to the Motion; and the Court having been advised at the hearing that, pursuant to agreement of the Parties, the terms of which are set forth in the directives below, JGB consents to the Debtor's use of cash collateral on an interim basis; and the Court having been further advised that the Debtor's records indicate that JGB swept the Debtor's bank accounts post-petition on two separate occasions in the sum of $8,383.99; and the Motion and notice of the Motion having been timely and properly served on all necessary parties, including, but not limited to, First Associates Loan Servicing, LLC ("First Associates"), and Preferred Bank, in accordance with the directions of the Court and the Local Bankruptcy Rules; and good cause appearing therefor, it is hereby **ORDERED** as follows:

1. The Motion is GRANTED on an interim basis pursuant to the Parties' agreement stated on the record of the hearing on the Motion and as set forth herein.

2. The Debtor is authorized to use cash collateral for the next four weeks commencing the week ending December 21, 2018, through and including the week ending January 11, 2019, pursuant to the Alternate Budget (as that term is defined in the Motion), which budget is attached to the Appendix of Exhibits as Exhibit "2", except that, at this time, the Debtor is not authorized to use cash collateral to make any payment on account of the $6,500 budgeted line item described as "Corp Income Taxes."

3. First Associates is authorized and directed to immediately release to the Debtor any and all funds First Associates holds and otherwise maintains on account of its loan collections made on behalf of the Debtor pursuant to its Loan Servicing Agreement with the Debtor, as well as any additional such funds it collects on behalf of the Debtor through and including the week ending January 11, 2019.

4. To the extent JGB swept any of the Debtor's funds in any of the Debtor's bank accounts post-petition, JGB shall promptly return all such funds to the Debtor.

5. JGB shall not object to any notices of insider compensation the Debtor files with respect to any such insider compensation to be paid consistent with the Alternate Budget and this Order, with all of JGB's rights to object to payment of any additional insider compensation expressly reserved.

6. JGB's consent to the Debtor's use of cash collateral as set forth herein is expressly conditioned on the execution of a letter agreement in the form to be agreed upon by each of the following parties: (a) David Redlener; (b) DCMRED, LLC; (c) Erika Harvel; (d) Harinder Rana; (e) JAAT Holdings LLC; (f) Michael Silberman; and (g) P & G Holdings LLC.

7. Notwithstanding anything to the contrary herein, each of the Parties expressly reserves, and do not waive, any and all rights with respect to any further interim use of cash collateral, final use of cash collateral, or otherwise.

8. The interim hearing on the Motion is continued to January 16, 2019, at 9:00 a.m.

9. JGB shall file any further opposition or response to the Motion, if any, by no later than December 28, 2018, and the Debtor shall file any reply, if any, no later than January 4, 2019.

10. During the period covered by this Order (the "<u>Designated Period</u>"), the Debtor is permitted to exceed disbursements forecasted in the Alternate Budget by not more than 15% on a line-by-line basis and by not more than 10% with respect to the total disbursements forecast in the Alternate Budget. Any disbursement amount available under the Alternate Budget and not used during any given week under the Designated Period is saved and preserved and shall be available for use during any subsequent week within the Designated Period, and any amounts not used for any given line item may be used for another line item only if and as may be necessary within the Designated Period.

11. All financial institutions with which the Debtor has bank accounts, including Preferred Bank, are directed to comply with this interim order on the Motion, and abide by the Debtor's direction as to the disbursement of its funds consistent with this Order, even to the extent of any deposit account control agreements, or "lock box" agreements, that may be in effect as of the date of the Debtor's filing of this bankruptcy case.

### #

Date: December 27, 2018

*Sandra R. Klein*
United States Bankruptcy Judge

ASH\ 2657768.5

4

9.  JGB shall file any further opposition or response to the Motion, if any, by no later than December 28, 2018, and the Debtor shall file any reply, if any, no later than January 4, 2019.

10. During the period covered by this Order (the "<u>Designated Period</u>"), the Debtor is permitted to exceed disbursements forecasted in the Alternate Budget by not more than 15% on a line-by-line basis and by not more than 10% with respect to the total disbursements forecast in the Alternate Budget. Any disbursement amount available under the Alternate Budget and not used during any given week under the Designated Period is saved and preserved and shall be available for use during any subsequent week within the Designated Period, and any amounts not used for any given line item may be used for another line item only if and as may be necessary within the Designated Period.

11. All financial institutions with which the Debtor has bank accounts, including Preferred Bank, are directed to comply with this interim order on the Motion, and abide by the Debtor's direction as to the disbursement of its funds consistent with this Order, even to the extent of any deposit account control agreements, or "lock box" agreements, that may be in effect as of the date of the Debtor's filing of this bankruptcy case.

# # # #

Approved as to form:

Manatt, Phelps & Phillips, LLP

By: _____
Carl Grumer
Attorneys for JGB Collateral, LLC,
as agent for JGB (Cayman) Glenmachrie Ltd.,
and JGB (Cayman) Glenmachrie Ltd.