David S. Kupetz (CA Bar No. 125062)
  *dkupetz@sulmeyerlaw.com*
Asa S. Hami (CA Bar No. 210728)
  *ahami@sulmeyerlaw.com*
Claire K. Wu (CA Bar No. 295966)
  *ckwu@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave., Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Debtor and Debtor in Possession
One Way Loans, LLC, d/b/a PowerLend

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-24572-SK |
| ONE WAY LOANS, LLC, a California limited liability company, d/b/a POWERLEND, | Chapter 11 |
| Debtor. | **MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION FOR ONE WAY LOANS, LLC** |
| | Disclosure Statement Hearing: |
| | Date:     September 25, 2019 |
| | Time:     9:00 a.m. |
| | Place:    Courtroom 1575 |
| |              255 East Temple Street |
| |              Los Angeles, CA 90012 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# TABLE OF CONTENTS

**Page**

MOTION .................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................3

I. PREFATORY STATEMENT ..............................................................................3

II. SUMMARY OF RELIEF REQUESTED IN THE MOTION...................................3

III. ARGUMENT ....................................................................................................4

    A.    The Disclosure Statement Should be Approved Because it Satisfies the Statutory Grounds for Approval and was Prepared Using the Court's Required Form.......................................................................................4

    B.    Request to Establish Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan ....................................................................6

        1.    Distribution of the Disclosure Statement and Plan and the Confirmation Hearing Notice is Appropriate Under Bankruptcy Rule 3017(d) ...............................................................................6

        2.    Approval of Form of Ballot for Voting on the Plan .......................7

        3.    Establishment of Voting Deadline .............................................8

        4.    Approval of Procedures for Voting and Vote Tabulation ...............8

    C.    The Proposed Procedures and Deadlines for Briefing and the Confirmation Hearing are Reasonable and Appropriate...............................................10

IV. CONCLUSION ................................................................................................11

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177 (9th Cir. BAP 2003) .............. 4

*In re Diversified Investors Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988) ........................ 6

*In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) .................. 6

*In re Microwave Products of America Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989) ........... 5

*In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981) ................................................ 5

*In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ................................................ 4


**STATUTES**

11 U.S.C. § 101 ................................................................................................................................. 1

11 U.S.C. § 1125 ............................................................................................................................... 3

11 U.S.C. § 1125(a)(1) ..................................................................................................................... 4

11 U.S.C. § 1125(b) .................................................................................................................. 1, 4, 5


**RULES**

Federal Rule of Bankruptcy Procedure 2002(b) ............................................................................ 10

Federal Rule of Bankruptcy Procedure 3017(c) .......................................................................... 8, 10

Federal Rule of Bankruptcy Procedure 3017(d) .............................................................................. 6

Federal Rule of Bankruptcy Procedure 3020(b) ............................................................................ 10

Federal Rules of Bankruptcy Procedure 3017 ................................................................................. 1

Federal Rules of Bankruptcy Procedure 3018 ................................................................................. 1

Federal Rules of Bankruptcy Procedure 9007 ................................................................................. 1

Federal Rules of Bankruptcy Procedure 9008 ................................................................................. 1

Local Bankruptcy Rule 3017-1 ........................................................................................................ 1

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1   **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE,**

2   **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL CLAIMANTS AND**

3   **PARTIES IN INTEREST:**

4   **<u>MOTION</u>**

5          One Way Loans, LLC, d/b/a PowerLend (the "<u>Debtor</u>"), the debtor and debtor in possession in

6   the above-captioned case, hereby submits its "Motion to Approve Adequacy of Disclosure Statement

7   Describing Chapter 11 Plan of Liquidation for One Way Loans, LLC" (the "<u>Motion</u>"), by which the

8   Debtor moves pursuant to 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>"), Rules 3017, 3018, 9007,

9   and 9008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3017-1 of

10  the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California

11  (the "<u>Local Rules</u>") for an order approving the adequacy of its disclosure statement (the "<u>Disclosure</u>

12  <u>Statement</u>").  The Debtor's "Disclosure Statement and Chapter 11 Plan of Liquidation for One Way

13  Loans, LLC" [Dkt. No. 177] filed on August 13, 2019, is the combined Disclosure Statement and Plan

14  (the "<u>DS and Plan</u>").

15          This Motion further requests that the Court: (1) approve the Disclosure Statement, and find that

16  the Disclosure Statement contains adequate information as required by 11 U.S.C. § 1125(b); (2) fix the

17  time within which the holders of claims and interests may accept or reject the Debtor's Chapter 11 Plan

18  of Liquidation (the "<u>Plan</u>"); (3) fix the date for the confirmation hearing (the "<u>Confirmation Hearing</u>")

19  for the Plan; (4) set and fix such other procedures, dates, and deadlines regarding the Plan; (5) approve

20  the form of the proposed notice of the Court's order approving the adequacy of the Disclosure

21  Statement, the Confirmation Hearing, and the deadlines for filing objections, and submitting evidence

22  in connection therewith (the "<u>Confirmation Hearing Notice</u>"); (6) approve the form of ballot (the

23  "<u>Ballot</u>") attached to the DS and Plan, and (7) authorize the Debtor to make non-substantive/non-

24  material changes to the DS and Plan, and related documents, without further order of the Court,

25  including ministerial changes to correct typographical and grammatical errors and to make conforming

26  changes among the DS and Plan and any other materials in the Solicitation Package prior to mailing.

27  The form of the proposed order on the Motion is attached hereto as **Exhibit 1**, and the form of the

28  proposed Confirmation Hearing Notice is attached hereto as **Exhibit 2**.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    For the reasons set forth in the accompanying memorandum of points and authorities, the relief

2    requested by the Motion is authorized by the applicable provisions of the Bankruptcy Code, the

3    Bankruptcy Rules, and the Local Rules, and will facilitate and streamline the solicitation and

4    confirmation process, will increase the likelihood that all creditors and interest holders receive

5    appropriate notice of (a) the adequacy of the Disclosure Statement, (b) the Plan, and (c) the

6    Confirmation Hearing and, in the event that any party in interest objects to confirmation, will focus the

7    issues and conserve the time and resources of the Court.  Accordingly, the Debtor believes that the

8    requested relief is fair, reasonable, and in the best interests of the Debtor's estate.

9    The Motion is based upon these moving papers, the attached memorandum of points and

10    authorities, the record in this case, including the pleadings and documents filed on behalf of the parties;

11    and such other matters as may be presented at or prior to the hearing on the Motion.

12    **WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the

13    Motion in all respects, approving the relief requested herein, and grant such other and further relief as

14    the Court deems just and proper.

15    DATED:  August 13, 2019            Respectfully submitted,

16                                                        **Sulmeyer**Kupetz
                                                        A Professional Corporation
17

18

19                                    By:    /s/ Claire K. Wu

20                                                David S. Kupetz
                                                Asa S. Hami
21                                                Claire K. Wu
                                                Attorneys for One Way Loans, LLC, d/b/a
22                                                PowerLend, Debtor and Debtor in Possession

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.

### PREFATORY STATEMENT

One Way Loans, LLC, d/b/a PowerLend (the "Debtor") is the debtor in this Chapter 11 bankruptcy case, which was commenced on December 17, 2018 (the "Petition Date") when the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On August 13, 2019, the Debtor filed its "Disclosure Statement and Chapter 11 Plan of Liquidation for One Way Loans, LLC" (the "DS and Plan") [Dkt. No. 177].  The DS and Plan utilizes the Court's mandatory form and is a combined disclosure statement and plan.  The DS and Plan is the product of discussions and negotiations with secured creditor IGCFCO III, LLC (the "DIP Lender"), and other interested parties.  The Debtor believes the DS and Plan contains adequate information under 11 U.S.C. § 1125 and should be approved.

### II.

### SUMMARY OF RELIEF REQUESTED IN THE MOTION

The Motion seeks approval of the adequacy of the Disclosure Statement.  If the Motion is approved, the Debtor proposes that, on or before September 27, 2019, the Debtor will serve, by first class mail, all creditors, interest holders, and the Office of the United States Trustee with: (a) the DS and Plan, (b) the Confirmation Hearing Notice, (c) the Ballot, and (d) any other documents required by the Court.

The Motion proposes (subject to Court approval) the following dates for confirmation of the Plan:

| | |
|---|---|
| Last Day to Mail Solicitation Packages | September 27, 2019 |
| Last Day for Creditors and Interest Holders to Deliver Ballots to Debtor's Counsel [Counsel Must **Receive** the Ballot by this Deadline] | October 10, 2019 |
| Last Day for Debtor to File Confirmation Brief and Ballot Summary | October 16, 2019 |

---

[1]Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the foregoing Motion.

| Last Day for Interested Parties to File Objections to Plan | October 23, 2019 |
| Last Day for Debtor to File Reply to Objections to Plan | October 30, 2019 |
| Confirmation Hearing | November 6, 2019 |

The Debtor believes that the proposed dates are reasonable and provide creditors and interest holders with sufficient time to consider the terms of the Plan and file any related pleadings.

## III.

## ARGUMENT

**A.** **The Disclosure Statement Should be Approved Because it Satisfies the Statutory Grounds for Approval and was Prepared Using the Court's Required Form**

Section 1125(b) of the Bankruptcy Code provides that:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. § 1125(b). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information," in relevant part, as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

The determination of whether a particular disclosure statement provides "adequate information" is "subjective and made on a case by case basis . . . [and] . . . is largely within the discretion of the bankruptcy court." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988). *See also Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177 (B.A.P. 9th Cir. 2003).

Although a number of courts have provided detailed lists of the types of information that should be included in a disclosure statement, these lists are intended only to provide general guidance for

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

evaluating the adequacy of the information contained in a particular disclosure statement.  Generally, a disclosure statement should contain pertinent information bearing on the success or failure of the proposed plan.  *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981); *In re Microwave Products of America Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989).

In determining whether the "adequate information" requirements of Section 1125(b) have been satisfied in a particular case, courts frequently investigate whether the disclosure statement provides descriptions of the following information:

1. the events which led to the filing of a bankruptcy petition;

2. a description of the available assets and their value;

3. the anticipated future of the company;

4. the source of information stated in the disclosure statement;

5. a disclaimer;

6. the present condition of the debtor while in chapter 11;

7. the scheduled claims;

8. the estimated return to creditors under a chapter 7 liquidation;

9. the accounting method used to produce financial information and the name of the accountants responsible for such information;

10. the future management of the debtor;

11. the chapter 11 plan or a summary thereof;

12. the estimated administrative expenses, including attorneys' and accountants' fees;

13. the collectability of accounts receivable;

14. financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

15. information relevant to the risks posed to creditors under the plan;

16. the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

17. litigation likely to arise in a non-bankruptcy context;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

18.     tax attributes of the debtor; and

19.     the relationship of the debtor with affiliates.

*See In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); *In re Diversified Investors Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988).

The Disclosure Statement satisfies the foregoing criteria under Section 1125.  Indeed, the Debtor utilized the Court's mandatory disclosure statement and plan form.  That form includes sections to insert information relating to the various categories identified immediately above.  The Debtor completed all relevant sections in the form disclosure statement, as well as provided various exhibits including additional information.

As a result, the Debtor believes that the level of detail and information in the Disclosure Statement, as currently drafted, is sufficient to meet the requirement for "adequate information" under Section 1125.  Any modifications or amendments that may be made to the Disclosure Statement will only provide parties with updated or additional information or disclosure.

Based on the foregoing, the Court should find that the Disclosure Statement contains "adequate information," and approve the Disclosure Statement.

**B.     Request to Establish Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan**

**1.     Distribution of the Disclosure Statement and Plan and the Confirmation Hearing Notice is Appropriate Under Bankruptcy Rule 3017(d)**

Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement.  Specifically, Rule 3017(d) provides:

Upon approval of a disclosure statement, - except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

(1)     the plan or a court-approved summary of the plan;

(2)     the disclosure statement approved by the court;

(3)     notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

In accordance therewith, after the Court has approved the Disclosure Statement as containing adequate information under Section 1125 of the Bankruptcy Code, the Debtor proposes to mail or cause to be mailed, by first class mail, postage prepaid, a solicitation package (the "Solicitation Package") by no later than September 27, 2019 (the "Solicitation Date") to all creditors, interest holders, and the Office of the United States Trustee, and provided further that with respect to a creditor or interest holder that has timely filed multiple proofs of claim on account of a single claim, the Debtor will provide such party with only one Solicitation Package.

The Solicitation Package will contain a copy of: (i) the order approving the Disclosure Statement; (ii) the Confirmation Hearing Notice; (iii) the form of Ballot to accept or reject the Plan; (iv) the DS and Plan; and (v) such other materials as the Court may direct.  Further, although the Debtor has made, and will make, every effort to ensure that the Solicitation Package described herein is in final form, the Debtor nonetheless requests that it be authorized to make non-substantive/non-material changes to the DS and Plan, and related documents, without further order of the Court, including ministerial changes to correct typographical and grammatical errors and to make conforming changes among the DS and Plan and any other materials in the Solicitation Package prior to mailing.  The Debtor submits that the proposed notice and service procedures set forth herein satisfy the Bankruptcy Code and the Bankruptcy Rules.

**2.    Approval of Form of Ballot for Voting on the Plan**

By the Motion, the Debtor seeks approval of the form of Ballot attached to the DS and Plan. The Ballot attached to the DS and Plan is the Court's mandatory form ballot, and the Debtor proposes to use and distribute such Ballot to the voting parties as part of the Solicitation Package.

### 3.    Establishment of Voting Deadline

Rule 3017(c) of the Bankruptcy Rules provides that, on or before approval of a disclosure statement, "the court shall fix a time within which the holders of claims or equity security interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c).

As stated above, the Debtors propose to mail the Solicitation Package, including the appropriate form of Ballot and the Confirmation Hearing Notice, by the Solicitation Date. Based on this schedule, the Debtors respectfully request that the Court establish October 10, 2019 at 5:00 p.m., Pacific Standard Time, as the deadline (the "Voting Deadline") by which all ballots accepting or rejecting the Plan must be **received** by the Debtor's counsel (at the address set forth in the upper left-hand corner of the caption page of the Motion), in order to be counted as a vote to accept or reject the Plan. Ballots must be delivered to the Debtor's counsel by first class mail, overnight courier, hand-delivery, or facsimile. Oral ballots will not be accepted or counted. This provides claimants 13 days after the Solicitation Date to submit their Ballot. The Debtor submits this is a sufficient period within which a creditor or interest holder can make an informed decision as to whether to accept or reject the Plan.

### 4.    Approval of Procedures for Voting and Vote Tabulation

The Debtor proposes that, solely for purposes of voting on the Plan and tabulating acceptance or rejection of the Plan, the claim of each voting party will be treated as allowed in an amount equal to the greater of: (i) the amount of such claim as set forth in the Debtor's schedules (excepting claims designated as contingent, unliquidated, or disputed) if no proof of claim is filed, or (ii) the amount of such claim as set forth in a timely filed proof of claim, to which no objection has been filed as of the Solicitation Date (as defined below),[2] subject to the following conditions:

(a)    each holder of a claim shall be entitled to vote all of the non-duplicative claims it holds, but may only vote a single ballot as to all claims within a particular class; and

(b)    the assignee of a transferred and assigned scheduled or filed claim shall be permitted to vote such claim only if the transfer and assignment has been reflected on the Court's docket as of the close of business on the voting record date.

---

[2] Exhibit "B" to the DS and Plan identifies scheduled and filed claims, and the amounts thereof.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    The Debtor requests that the following procedures be approved for use in tabulating Ballots:

2        (1)    only original Ballots returned to the Debtors will be counted;

3        (2)    any unsigned Ballot shall not be counted;

4        (3)    any Ballot that is illegible or contains insufficient information to permit the

5    identification of the holder shall not be counted;

6        (4)    any Ballot cast by a person or entity that does not hold an allowed claim shall

7    not be counted;

8        (5)    any Ballot that is properly completed, executed, and timely returned to the

9    Debtor that does not indicate an acceptance or rejection of the Plan shall be counted as an

10   acceptance of the Plan;

11       (6)    any Ballot that is properly completed, executed, and timely returned to the

12   Debtor that indicates both acceptance and rejection of the Plan shall be counted as an acceptance of

13   the Plan;

14       (7)    whenever a holder in a voting class returns more than one Ballot voting the

15   same claim prior to the Voting Deadline, only the last Ballot timely returned to the Debtors shall be

16   counted;

17       (8)    each holder of a claim in a voting class shall be deemed to have voted the full

18   amount of its claim;

19       (9)    holders of claims in a voting class shall not split their vote, but shall vote

20   their entire claim within a particular class either to accept or reject the Plan, and a Ballot (or

21   multiple Ballots with respect to multiple claims within a single class) that partially rejects and

22   partially accepts the Plan will not be counted;

23       (10)   any Ballot received after the Voting Deadline shall not be counted, unless

24   either or both of the Debtor or the Court has granted an extension of the Voting Deadline in writing

25   with respect to such Ballot; and

26       (11)   neither the Debtors nor any other person or entity will be under any duty to

27   provide notification of defects or irregularities with respect to delivered Ballots, nor will any of

28   them incur any liability for failure to provide such notification.

The Debtor submits that establishing the voting and tabulation procedures (the "Voting and Tabulation Procedures") set forth above is necessary to avert any confusion resulting from incomplete Ballots, will simplify the voting and tabulation process, and is in the best interests of the Debtor and its estate, creditors, and other parties in interest.

**C.    The Proposed Procedures and Deadlines for Briefing and the Confirmation Hearing are Reasonable and Appropriate**

Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). Similarly, Bankruptcy Rule 3020(b) provides that "[a]n objection to confirmation of the plan shall be filed and served . . . within a time fixed by the court," and Bankruptcy Rules 3020(b) and 2002(b) provide that the plan proponent must provide at 28 days' notice of the deadline for filing such objections.

As noted above, the Debtor has proposed the following schedule of dates for dissemination, voting, and confirmation of the Plan:

| Last Day to Mail Solicitation Packages | September 27, 2019 |
|---|---|
| Last Day for Creditors and Interest Holders to Deliver Ballots to Debtor's Counsel [Counsel Must **Receive** the Ballot by this Deadline] | October 10, 2019 |
| Last Day for Debtor to File Confirmation Brief and Ballot Summary | October 16, 2019 |
| Last Day for Interested Parties to File Objections to Plan | October 23, 2019 |
| Last Day for Debtor to File Reply to Objections to Plan | October 30, 2019 |
| Confirmation Hearing | November 6, 2019 |

Here, objecting creditors and parties in interest are provided 27 days' notice to object to the Plan. The Debtor requests this slightly expedited schedule, after review of the Court's online calendar and currently available Chapter 11 calendar dates, to permit it to confirm the Plan and otherwise exit this case as quickly as possible. Further, under the terms of the Court-approved "Superpriority Senior Secured Debtor-in-Possession Credit Agreement" (the "DIP Loan Agreement"), by and among the Debtor, P&G Holdings, LLC, and the DIP Lender, the Plan "shall be confirmed and go effective no later than November 15, 2019." DIP Loan Agreement, ¶ 6.15. As a result, the Debtor submits that the

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1    proposed dates for the Confirmation Hearing, the associated deadlines for objecting to the Plan and for

2    responding to such objections, and the related procedures set forth in the Motion and the Confirmation

3    Hearing Notice, fall within the scope of the above-noted rules and are appropriate under the

4    circumstances.

5                                              IV.

6                                      **CONCLUSION**

7            Based on the foregoing, the Debtor respectfully requests that the Court grant the Motion in its

8    entirety, order and authorize the relief requested herein, and for such other and further relief as is just

9    and appropriate under the circumstances.

10    DATED:  August 13, 2019                    Respectfully submitted,

11                                               **Sulmeyer**Kupetz
                                                 A Professional Corporation

12

13

14                                    By:    */s/ Claire K. Wu*
                                             _____
15                                            David S. Kupetz
                                              Asa S. Hami
16                                            Claire K. Wu
                                              Attorneys for One Way Loans, LLC, d/b/a
17                                            PowerLend, Debtor and Debtor in Possession

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

### DECLARATION OF CLAIRE K. WU[3]

I, Claire K. Wu, declare as follows:

1.      I am an attorney duly-admitted to practice before this Court.  I am an Associate with SulmeyerKupetz, attorneys of record for One Way Loans, LLC, d/b/a PowerLend, the debtor and debtor in possession in the above-captioned case (the "Debtor").  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.      I am one of the attorneys responsible for the preparation of the Debtor's "Disclosure Statement and Chapter 11 Plan of Liquidation for One Way Loans, LLC" (the "DS and Plan").

3.      On August 13, 2019, the Debtor filed its consolidated DS and Plan.  *See* Dkt No. 177.  That disclosure statement and plan was the product of discussions and negotiations with secured creditor IGCFCO III, LLC (the "DIP Lender"), and other interested parties.

4.      A copy of the Debtor's proposed form of order on the "Motion to Approve Adequacy of Disclosure Statement Describing Chapter 11 Plan of Liquidation for One Way Loans, LLC" is attached hereto as **Exhibit 1**.

5.      A copy of the form of the proposed Confirmation Hearing Notice is attached hereto as **Exhibit 2**.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 13, 2019, at Los Angeles, California.


                                                            */s/ Claire K. Wu*
                                                            Claire K. Wu

---

[3]Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the foregoing Motion.

# EXHIBIT 1

1  David S. Kupetz (CA Bar No. 125062)
      *dkupetz@sulmeyerlaw.com*
2  Asa S. Hami (CA Bar No. 210728)
      *ahami@sulmeyerlaw.com*
3  Claire K. Wu (CA Bar No. 295966)
      *ckwu@sulmeyerlaw.com*
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Grand Ave., Suite 3400
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520
7
8  Attorneys for Debtor and Debtor in Possession
   One Way Loans, LLC, d/b/a PowerLend

9          **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11  In re

12

13  ONE WAY LOANS, LLC, a California limited
    liability company, d/b/a POWERLEND,

14                    Debtor.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Case No. 2:18-bk-24572-SK |
|---|

Chapter 11

**[PROPOSED] ORDER GRANTING
MOTION TO APPROVE ADEQUACY OF
DISCLOSURE STATEMENT DESCRIBING
CHAPTER 11 PLAN OF LIQUIDATION
FOR ONE WAY LOANS, LLC**

Disclosure Statement Hearing:

Date:       September 25, 2019
Time:       9:00 a.m.
Place:      Courtroom 1575
            255 East Temple Street
            Los Angeles, CA 90012

Plan Confirmation Hearing:

Date:       November 6, 2019
Time:       9:00 a.m.
Place:      Courtroom 1575
            255 East Temple Street
            Los Angeles, CA 90012

*(left margin, vertical text)* **Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  A hearing was held on September 25, 2019 at 9:00 a.m. before the Honorable Sandra R. Klein,

2  United States Bankruptcy Judge for the Central District of California, Los Angeles Division, in

3  Courtroom "1575" located at 255 East Temple Street, Los Angeles, California 90012, for the Court to

4  consider the disclosure statement (the "Disclosure Statement") describing Chapter 11 Plan of

5  Liquidation, proposed by One Way Loans, LLC (the "Plan"), the debtor and debtor in possession in

6  the above-captioned Chapter 11 bankruptcy case (the "Debtor").  Appearances at the hearing were

7  made as set forth on the record.

8  Upon consideration of the Disclosure Statement, the "Disclosure Statement and Chapter 11

9  Plan of Liquidation for One Way Loans, LLC (the "DS and Plan") [Dkt. No. 177], and the

10  representations of counsel at the hearing, and good cause appearing therefor,

11  **IT IS HEREBY ORDERED** that the Disclosure Statement is found to contain "adequate

12  information" as that term is defined in 11 U.S.C. § 1125, and is therefore approved; and

13  **IT IS FURTHER ORDERED** that the hearing to consider confirmation of the Plan shall be

14  held on November 6, 2019 at 9:00 a.m., in Courtroom "1575" located at 255 East Temple Street, Los

15  Angeles, California 90012 (the "Confirmation Hearing"); and

16  **IT IS FURTHER ORDERED** that the DS and Plan, a notice of the Confirmation Hearing and

17  certain deadlines relating thereto, and a ballot to vote to accept or reject the Plan shall be served by the

18  Debtor upon all creditors and other parties requiring notice on or before September 27, 2019; and

19  **IT IS FURTHER ORDERED** that any ballots to accept or reject the Plan must be returned to

20  counsel for the Debtor (and actually **received** by counsel) on or before October 10, 2019 in order to be

21  considered by the Court; and

22  **IT IS FURTHER ORDERED** that a motion for confirmation of the Plan, together with any

23  and all evidence offered in support of such motion, along with notice thereof, and an analysis of the

24  ballots voting on the Plan, shall be filed with the Court and served upon all creditors and other parties

25  requiring notice on or before October 16, 2019; and

26  **IT IS FURTHER ORDERED** that any objection to confirmation of the Plan, together with

27  any and all evidence offered in support of such objection, shall be filed with the Court and served

28  upon counsel for the Debtor on or before October 23, 2019; and

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

0014

1    **IT IS FURTHER ORDERED** that any reply to any objections to confirmation of the Plan,

2    together with any and all evidence in support of such reply, shall be filed with the Court and served

3    upon any party filing an objection to confirmation of the Plan on or before October 30, 2019.

4                                       # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1   David S. Kupetz (CA Bar No. 125062)
      *dkupetz@sulmeyerlaw.com*
2   Asa S. Hami (CA Bar No. 210728)
      *ahami@sulmeyerlaw.com*
3   Claire K. Wu (CA Bar No. 295966)
      *ckwu@sulmeyerlaw.com*
4   **Sulmeyer**Kupetz
    A Professional Corporation
5   333 South Grand Ave., Suite 3400
    Los Angeles, California 90071-1406
6   Telephone: 213.626.2311
    Facsimile: 213.629.4520
7

8   Attorneys for Debtor and Debtor in Possession
    One Way Loans, LLC, d/b/a PowerLend

9                 **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11  In re

12

13  ONE WAY LOANS, LLC, a California limited
    liability company, d/b/a POWERLEND,

14                      Debtor.

15

16

17

18

19

20

| Case No. 2:18-bk-24572-SK |
| Chapter 11 |
| **[PROPOSED] NOTICE OF CONFIRMATION HEARING FOR CHAPTER 11 PLAN OF LIQUIDATION FOR ONE WAY LOANS, LLC AND RELATED DEADLINES** |
| <u>Plan Confirmation Hearing</u>: |
| Date:     November 6, 2019 |
| Time:     9:00 a.m. |
| Place:    Courtroom 1575 |
|               255 East Temple Street |
|               Los Angeles, CA 90012 |

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL CLAIMANTS AND**

3  **PARTIES IN INTEREST:**

4      **PLEASE TAKE NOTICE** that a hearing will be held on November 6, 2019 at 9:00 a.m.,

5  before the Honorable Sandra R. Klein, United States Bankruptcy Judge for the Central District of

6  California, Los Angeles Division in Courtroom "1575" located at 255 East Temple Street, Los

7  Angeles, California 90012, for the Court to consider confirmation of the Chapter 11 Plan of

8  Liquidation (the "<u>Plan</u>"), proposed by One Way Loans, LLC, the debtor and debtor in possession in

9  the above-captioned Chapter 11 bankruptcy case (the "<u>Debtor</u>").

10      **PLEASE TAKE FURTHER NOTICE** that being served upon you in the enclosed envelope

11  is a copy of the "Disclosure Statement and Chapter 11 Plan of Liquidation for One Way Loans, LLC"

12  [Dkt. No. 177] (the "<u>DS and Plan</u>").  Also being served upon you are (i) this notice advising of the

13  hearing on the confirmation of the Plan and the various deadlines established by the Court relating to

14  the Plan and Plan voting (this "<u>Notice</u>"), and (ii) a ballot to use to vote on the Plan.  Additional copies

15  of the enclosed documents will be provided to you upon written request to Claire K. Wu, Esq., at

16  **Sulmeyer**Kupetz, A Professional Corporation, 333 South Grand Avenue, Suite 3400, Los Angeles,

17  California 90071, Facsimile (213) 629-4520, Email: ckwu@sulmeyerlaw.com.

18      **PLEASE TAKE FURTHER NOTICE** that, in order to be considered for purposes of

19  determining the acceptance or rejection of the Plan, ballots must be returned to **Sulmeyer**Kupetz, A

20  Professional Corporation, Attention: Claire K. Wu, Esq., 333 South Grand Avenue, Suite 3400, Los

21  Angeles, California 90071, Facsimile (213) 629-4520, E-mail: ckwu@sulmeyerlaw.com, so that such

22  ballots are actually **received by not later than 5:00 p.m. (Pacific Time) on October 10, 2019.**

23  Ballots may be delivered to the Debtor's counsel (i) by first-class mail; (ii) by overnight courier; (iii)

24  by hand delivery; (iv) by facsimile; or (v) by e-mail.  Oral ballots will not be accepted or counted.

25      **PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan,

26  together with any and all evidence offered in support of such objection, must be in writing, filed with

27  the Court and served upon counsel for the Debtor at the address set forth in the upper left-hand corner

28  of the first page of this Notice on or before October 23, 2019.  The Court may deem the failure of any

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

0017

1  party to file a timely objection to confirmation of the Plan to constitute consent to Court approval and

2  confirmation of the Plan and a waiver of any objection to confirmation of the Plan.

3    **PLEASE TAKE FURTHER NOTICE** that the Debtor and any other party in interest

4  wishing to file a reply to any objections to confirmation of the Plan shall file with the Court such

5  reply, together with any and all evidence offered in support thereof, and serve such reply upon any

6  party filing an objection to confirmation of the Plan, on or before October 30, 2019.

7    **PLEASE TAKE FURTHER NOTICE** that the Plan proposes that, except as provided in the

8  Plan or in the order confirming the Plan, as of the Effective Date (as defined in the Plan), all entities

9  that have held, currently hold, or may hold a claim against the Debtor or other debt or liability that is

10  or may be discharged are permanently enjoined from taking any of the following actions against the

11  Debtor or Post-Confirmation Debtor (as defined in the Plan) or the Estates (as defined in the Plan) or

12  their property on account of any such claims, debts or liabilities, other than actions relating to the

13  nondischargeability of a debt:  (1) commencing or continuing, in any manner or in any place, any

14  action or other proceeding; (2) enforcing, attaching, collecting or recovering in any manner any

15  judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4)

16  asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or

17  obligation due to the Debtor or Post-Confirmation Debtor; and (5) commencing or continuing any

18  action in any manner, in any place that does not comply with or is inconsistent with the provisions of

19  the Plan.  The Plan further provides that the automatic stay of Section 362(a) shall remain in effect as

20  to the Debtor until the Debtor's case is closed.  By accepting distribution pursuant to the Plan, each

21  holder of an allowed claim receiving distributions pursuant to the Plan will be deemed to have

22  specifically consented to the injunctions set forth in the Plan.

23  DATED:  September __, 2019          **Sulmeyer**Kupetz
                                        A Professional Corporation
24

25                                      By: _____

26                                          David S. Kupetz
                                            Asa S. Hami
27                                          Claire K. Wu
                                            Attorneys for One Way Loans, LLC, d/b/a
                                            PowerLend, Debtor and Debtor in Possession
28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

0018

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION FOR ONE WAY LOANS, LLC  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  August 13, 2019  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dawn M Coulson on behalf of Interested Party Courtesy NEF
dcoulson@eppscoulson.com, cmadero@eppscoulson.com

Carl Grumer on behalf of Interested Party JGB (Cayman) Glenmachrie Ltd.
cgrumer@manatt.com, mchung@manatt.com;fstephenson@manatt.com

Carl Grumer on behalf of Interested Party JGB Collateral, LLC
cgrumer@manatt.com, mchung@manatt.com;fstephenson@manatt.com

Andrew Haley on behalf of Interested Party CF Culver City Office, L.P.
ahaley@shoreline-law.com, kbarone@shoreline-law.com

Asa S Hami on behalf of Debtor One Way Loans, LLC, d/b/a PowerLend
ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Interested Party Courtesy NEF
ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com

David S Kupetz on behalf of Debtor One Way Loans, LLC, d/b/a PowerLend
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Sabrina L Streusand on behalf of Creditor Actum Processing
Streusand@slollp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Creditor Preferred Bank
gwarrington@frandzel.com, sking@frandzel.com

Claire K Wu on behalf of Debtor One Way Loans, LLC, d/b/a PowerLend
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page.

CKW 2677262v2 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  August 13, 2019 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
One Way Loans, LLC, d/b/a PowerLend
1134 S Crest Dr
Los Angeles, CA 90035

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  August 13, 2019 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Sandra R. Klein
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1582
255 E. Temple Street
Los Angeles, CA 90012

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 13, 2019 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CKW 2677262v2 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**